Joann Kahn (JK8671)
Jena Goldmark (JG4897)
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, NY 10103
Telephone: 212-318-3000
Telecopier: 212-318-3400
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID PARKINSON,

                Plaintiff,

      - against -

VINCENT A. FARINA,
DAVID A. CORREIA and
MARCELINO PEREZ,

                Defendants.
-----------------------------------------------------------------x

JUDGE CASTEL

07 CIV 5445

____Civ.____

**COMPLAINT**

(JURY DEMANDED)

Plaintiff David Parkinson files this Complaint.

### I. JURISDICTION AND VENUE

1.    Plaintiff David Parkinson invokes the jurisdiction of this Court pursuant to and in accordance with the provisions of Title 28 U.S.C. §§ 1331 and 1343. This action arises under 42 U.S.C. §§ 1983 and 1988, and under the Eighth and Fourteenth Amendments of the United States Constitution. Parkinson also asserts claims under New York common law. Jurisdiction of this Court over the common law claims exist under 28 U.S.C. § 1367 (c). Under 28 U.S.C. § 1391, venue is proper in the Southern District of New York, because all or a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of the Southern District.

## II. PARTIES

2.  Plaintiff David Parkinson ("Parkinson") is a resident of New York who currently resides at Southport Correctional Facility ("Southport").

3.  Defendant Vincent Farina ("Farina") is a resident of New York who was an employee of Downstate Correctional Facility ("Downstate"), a governmental unit, at all times relevant to this case.

4.  Defendant David Correia ("Correia") is a resident of New York who was an employee of Downstate, a governmental unit, at all times relevant to this case.

5.  Defendant Marcelino Perez ("Perez") is a resident of New York who was an employee of Downstate, a governmental unit, at all times relevant to this case.

## III. NATURE OF THE ACTION

6.  This action is authorized by 42 U.S.C. §§ 1983 and 1988 and seeks to recover compensatory and punitive damages, as well as attorney's fees and costs, from the Defendants, for their deprivation and violation, in their individual capacities, under color of law, of rights guaranteed to Parkinson under the United States Constitution. Additionally, Parkinson seeks compensatory and punitive damages, as well as attorney's fees and costs, against the Defendants, in their individual capacities, for their intentional, reckless and/or negligent infliction of injuries upon Parkinson. More specifically, Parkinson seeks relief for acts and conduct by each of the Defendants in which:

    a.  Parkinson's right, guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, to be free from cruel and unusual punishment, was violated by Defendants Farina, Correia and Perez; and

    b.  Parkinson's federal and state statutory, regulatory and common law right to be free from personal injury intentionally, recklessly or negligently inflicted by Defendants Farina, Correia and Perez was violated.

## III. ALLEGATIONS OF FACT

7. On August 10, 2005, Plaintiff Parkinson was part of a contingent of twenty two inmates being transferred from Great Meadow Correctional Facility, a maximum security facility located in Washington County, New York, to Cape Vincent Correctional Facility, a medium security facility located in Jefferson County, New York. As part of the transfer, the inmates, including Parkinson, were shuttled to Downstate Correctional Facility, where they were to be held until a transport vehicle could move them to Ulster County, a hub to all medium security facilities.

8. Upon arrival at Downstate, the inmates were ushered into a 20 x 30 foot holding pen already crowded with twenty or more men. Combined, over forty men, including Parkinson, were being held in the cell. After an hour had elapsed, approximately fifteen to twenty officers entered the holding pen, forcing the inmates to crowd even closer together, and ordered the inmates to sit down and be quiet. Due to the cramped conditions in the cell, Parkinson, and at least one other inmate, Winston Hewitt, were unable to find seats immediately. As Parkinson and Hewitt attempted to make room for themselves, several officers tackled Hewitt, while Defendants Farina and Perez seized Parkinson, placed him in a headlock, and slammed his head into the wall. Parkinson braced his hands against the wall to shield himself from further impact, whereupon Defendants Farina, Perez, and other officers dragged him bodily from the cell into the hallway. Parkinson, still immobilized by the headlock administered by Defendant Farina or Perez, was hurled to the floor, with Defendants Farina and Perez on top of him, and Defendant Correia rushing in to join the attack. Prone on his stomach, and unable to breathe, Parkinson struggled, in self-defense, to loosen the chokehold as each of the Defendants kicked and punched him in the head, face, and body, and stomped on his lower back, shoulder and knees. The

beating continued for several minutes and ended only after Parkinson had nearly lost consciousness and had suffered grievous physical injuries.

9. At no time before, during or after the assault did Parkinson strike, attempt to strike, or otherwise physically assault any officer or inmate.

10. Even after Parkinson was handcuffed and shackled by the officers, rendering him completely defenseless, the physical abuse continued. When Parkinson was hauled to his feet, one or more of the Defendants pulled down Parkinson's pants, kicked him brutally in the groin and said, "That's how we do it in Downstate."

11. At no time did any Defendant, or any other corrections officer, attempt to halt, moderate, or otherwise interfere with the Defendants' wanton and cruel infliction of pain on Parkinson.

12. Following the assault, Parkinson was taken to a nearby hospital for examination and treatment. Because of the unprovoked and unjustified attacks by Defendants, Parkinson suffered serious physical injuries, many of which were to his head and face, including but not limited to a perforated eardrum (resulting in possibly permanent hearing loss), periorbital edema and ecchymosis of the right eye, numerous contusions and abrasions to the head and face, a possible concussion, nerve damage to his wrist and substantial injury to his right leg (causing Parkinson to walk with a limp). Parkinson was hospitalized for nearly a week as a result of his injuries.

13. The Defendants acted sadistically and maliciously, and intended to (and did) cause serious physical injury to Parkinson. The Defendants' conduct was not motivated by a good faith intent to achieve any legitimate penological objective, nor was the amount of force employed against Parkinson reasonable or necessary given the circumstances. Rather,

Defendants brutally attacked Parkinson for failing to immediately obey an order to sit down, and for resisting Defendants' unprovoked physical assault.

## V. FIRST CAUSE OF ACTION

### VIOLATIONS OF 42 U.S.C. § 1983

14. Plaintiff Parkinson realleges paragraphs 1 through 13.

15. The above-described conduct of Defendants constitutes a violation of Parkinson's civil rights. The harsh treatment inflicted upon Parkinson by the Defendants deprived Parkinson of his right to be free from cruel and unusual punishment guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. These acts were executed and performed by Defendants acting under color of law and by their authority as correctional officers of Downstate Correctional Facility. These unconstitutional and illegal acts were cruel and were performed maliciously, sadistically, and in bad faith.

16. All of the above-described acts have caused damage to Parkinson including personal injury, physical pain, mental anguish, trauma, physical impairment, and future medical care.

## VII. SECOND CAUSE OF ACTION

### CONSPIRACY TO VIOLATE 42 U.S.C. § 1983

17. Plaintiff Parkinson realleges paragraphs 1 through 16.

18. At all material times, Defendants acted under color of state and/or local law in their capacity as guards for Downstate Correctional Facility.

19. Under color of state and/or local law, all Defendants acted jointly and in concert to violate Parkinson's civil rights. Each Defendant violated Parkinson's civil rights by conspiring and acting in concert with each of the other Defendants to subject Parkinson to physical injury, harassment, and abuse in excess of the bounds of the Eighth Amendment and the

United States Constitution. Each Defendant remains fully liable for all of the injuries and damages caused to Parkinson by these acts.

20. Defendants' actions and overt acts in furtherance of the conspiracy led to a deprivation of Parkinson's civil rights through Defendants' use of excessive force clearly beyond the bounds of the Eighth Amendment of the United States Constitution.

21. As a direct and proximate result of each of these acts and the conspiracy, each of which violated the Eighth and Fourteenth Amendments of the United States Constitution, or in the alternative, the Fifth and Fourteenth Amendments, Parkinson suffered damage, including personal injury, physical pain, mental anguish, trauma, physical impairment, and future medical care.

## VIII. THIRD CAUSE OF ACTION

## ASSAULT AND BATTERY

22. Plaintiff Parkinson realleges paragraphs 1 through 21.

23. Defendants intentionally, knowingly, or recklessly caused bodily injury to Parkinson.

24. In doing all of the acts alleged herein, Defendants acted with the intent to cause injury to Parkinson.

25. As a direct and proximate result of Defendants' conduct, Parkinson suffered damage, including personal injury, physical pain, mental anguish, trauma, physical impairment, and future medical care.

## IX. FOURTH CAUSE OF ACTION

## NEGLIGENCE

26. Plaintiff Parkinson realleges paragraphs 1 through 25.

27. Defendant's negligent acts proximately caused Parkinson's injuries. Defendants' acts described herein were negligent and violated duties owed to Parkinson by Defendants. These acts directly and proximately caused Parkinson's injuries.

28. As a direct and proximate result of Defendants' conduct, Parkinson suffered damage, including personal injury, physical pain, mental anguish, trauma, physical impairment, and future medical care.

## X. FIFTH CAUSE OF ACTION

### GROSS NEGLIGENCE

29. Plaintiff Parkinson realleges paragraphs 1 through 28.

30. Each of Defendants' acts stated herein constitutes gross negligence. Defendants knew or acted with a subjective awareness that their conduct created an extreme degree of risk of harm to Parkinson.

31. Defendants' conduct, when viewed objectively from the standpoint of the Defendants at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Parkinson, and the Defendants proceeded with conscious indifference to the rights, safety, and welfare of Parkinson despite the Defendants' actual, subjective awareness of the risk involved.

32. This gross negligence of Defendants directly and proximately caused physical injuries, mental anguish, and trauma to Parkinson.

## X. SIXTH CAUSE OF ACTION

### ATTORNEYS' FEES

33. Plaintiff Parkinson realleges paragraphs 1 through 32.

34. Pursuant to 42 U.S.C. § 1988, Parkinson seeks, and is entitled to recover, reasonable attorneys' fees in this case.

## XI. DAMAGES

35. Each of the acts described above caused Parkinson damage, including personal injury, physical pain, mental anguish, trauma, physical impairment, and future medical care. These injuries are ongoing today.

36. Parkinson seeks compensation for physical pain and suffering in the past and in the future, mental anguish in the past and in the future, and permanent physical impairment. Parkinson seeks compensation for medical expenses that he may incur in the future. Parkinson also seeks prejudgment interest from the date of this incident at the maximum rate allowed by law.

37. Defendants actions were willful and malicious and/or reckless and done with the specific intent to cause Parkinson harm. Therefore, Parkinson seeks punitive damages.

## XII. PRAYER FOR RELIEF

38. For these reasons, Parkinson prays that he be awarded the following: compensatory and punitive damages, prejudgment and postjudgment interest, costs, attorneys' fees, and all such other and further relief, both general and special, at law and in equity, to which he is justly entitled.

Dated: New York, New York

June 8, 2007

Respectfully submitted,

*[signature]*

Fulbright & Jaworski L.L.P
Joann Kahn (JK8671)
Jena Goldmark (JG4897)
666 Fifth Avenue
New York, New York 10103-3198
Telephone: 212-318-3000
Telecopier: 212-318-3400
*Attorneys for Plaintiff David Parkinson*

31256635.1

- 8 -