UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

DAVID PARKINSON,                                    :
                    Plaintiff,                   Case No. 07-CV-5445 (PKC)
                                  :                   "ECF CASE"

      -against-                                  :                   **ANSWER**

                                  :
VINCENT A. FARINA, et al.,                        **JURY TRIAL DEMANDED**
                                  :

                                  :
                    Defendants.
--------------------------------------------------------X

      Defendants, Correction Officers Vincent A. Farina, David A. Correia and Marcelino Perez by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, deny each and every allegation not expressly and specifically admitted below and answer the Plaintiff's Complaint, as follows:

      1.     Deny the allegations set forth in paragraph "1," except admit that Plaintiff alleges jurisdiction and venue in connection with the statutes referenced therein.

      2.     Admit the allegations set forth in paragraph "2."

      3.     Deny the allegations set forth in paragraph "3," except admit that Vincent Farina is an employee at Downstate Correctional Facility ("Downstate").

      4.     Deny the allegations set forth in paragraph "4," except admit that David Correia is an employee at Downstate.

      5.     Deny the allegations set forth in paragraph "5," except admit that Marcelino Perez is an employee at Downstate.

      6.     Deny the allegations set forth in paragraphs "6," "6(a), and "6(b)."

7. Deny for lack of knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7," except admit that on August 10, 2005, the Plaintiff was transferred from Great Meadow Correctional Facility, and that about this time the Plaintiff was at Downstate.

8. Deny the allegations set forth in paragraph "8."

9. Deny the allegations set forth in paragraph "9."

10. Deny the allegations set forth in paragraph "10."

11. Deny the allegations set forth in paragraph "11."

12. Deny the allegations set forth in paragraph "12," except admit that the Plaintiff was provided medical attention.

13. Deny the allegations set forth in paragraph "13."

14. Defendants incorporate each previously stated answer as if fully set forth in paragraph "14."

15. Deny the allegations set forth in paragraph "15."

16. Deny the allegations set forth in paragraph "16."

17. Defendants incorporate each previously stated answer as if fully set forth in paragraph "17."

18. Deny the allegations set forth in paragraph "18."

19. Deny the allegations set forth in paragraph "19."

20. Deny the allegations set forth in paragraph "20."

21. Deny the allegations set forth in paragraph "21."

22. Defendants incorporate each previously stated answer as if fully set forth in

paragraph "22."

    23.    Deny the allegations set forth in paragraph "23."

    24.    Deny the allegations set forth in paragraph "24."

    25.    Deny the allegations set forth in paragraph "25."

    26.    Defendants incorporate each previously stated answer as if fully set forth in paragraph "26."

    27.    Deny the allegations set forth in paragraph "27."

    28.    Deny the allegations set forth in paragraph "28."

    29.    Defendants incorporate each previously stated answer as if fully set forth in paragraph "29."

    30.    Deny the allegations set forth in paragraph "30."

    31.    Deny the allegations set forth in paragraph "31."

    32.    Deny the allegations set forth in paragraph "32."

    33.    Defendants incorporate each previously stated answer as if fully set forth in paragraph "33."

    34.    Deny the allegations set forth in paragraph "34."

    35.    Deny the allegations set forth in paragraph "35."

    36.    Deny the allegations set forth in paragraph "36."

    37.    Deny the allegations set forth in paragraph "37."

    38.    Deny the allegations set forth in paragraph "38.

## DEFENSES

### FIRST DEFENSE

39.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

40.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of res judicata and/or by the doctrine of collateral estoppel.

### THIRD DEFENSE

41.     To the extent that Plaintiff asserts claims against defendants in their official capacities, the action is barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

### FOURTH DEFENSE

42.     Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust available administrative remedies and/or to complete statutory prerequisites for bringing his claim.

### FIFTH DEFENSE

43.     Plaintiff's claims may be barred, in whole or in part, through his words, conduct and/or actions, which estop the claims asserted in his complaint.

### SIXTH DEFENSE

44.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches and/or statutes of limitations.

### SEVENTH DEFENSE

45.     Defendants have qualified immunity in that their conduct did not violate clearly established law or that defendants were objectively reasonable in believing that their conduct

conformed to the law.

## EIGHTH DEFENSE

46. The Court has no jurisdiction to hear any claim that Plaintiff may allege under state law.

## NINTH DEFENSE

47. Defendants have statutory immunity from any state law claim.

## TENTH DEFENSE

48. Plaintiff fails to raise claims over which this Court has subject matter jurisdiction, and specifically fails to raise a substantial federal question, and therefore this Court is, it is respectfully submitted, without jurisdiction.

## ELEVENTH DEFENSE

49. Defendants at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights, and therefore Plaintiff is not entitled to punitive damages or other relief.

## TWELFTH DEFENSE

50. The Complaint should be dismissed because plaintiff has or had available state judicial remedies to review the pendent state law tort claims in the New York Court of Claims.

## JURY TRIAL DEMANDED

51. Defendants request trial by jury.

**WHEREFORE**, answering defendants, Correction Officers Vincent A. Farina, David A. Correia, and Marcelino Perez, demand judgment dismissing the complaint, together with costs and disbursements and reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 20, 2007

                        Respectfully Submitted,
                        ANDREW M. CUOMO
                        Attorney General of the
                          State of New York
                        <u>Attorney for Defendants</u>

                        By: <u>s/               </u>
                        SABRINA JIGGETTS
                        Assistant Attorney General
                        120 Broadway, 24th Floor
                        New York, New York 10271
                        (212) 416-6082

SABRINA JIGGETTS
Assistant Attorney General
     <u>of Counsel</u>


TO:    Joann Kahn, Esq.
        Jena Goldmark, Esq.
        Attorneys for Plaintiff
        Fulbright & Jaworski, LLP
        666 Fifth Avenue
        New York, NY 10103-3198