UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

DAVID PARKINSON,

          Plaintiff,

    -against-

VINCENT A. FARINA, DAVID A. CORREIA and
MARCELINO PEREZ,

          Defendants.

------------------------------------------------------------ X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

07-Civ-5445 (PKC)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/08

    WHEREAS, plaintiff, David Parkinson, filed a complaint on June 8, 2007, alleging that defendants had violated plaintiff's rights during plaintiff's incarceration in the New York State Correctional Services system; and

    WHEREAS, defendants have denied all allegations that their conduct violated plaintiff's constitutional or other rights; and

    WHEREAS, the parties are interested in resolving the issues alleged in the complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

    WHEREAS, none of the parties to the Action is an infant or incompetent person; and

    WHEREAS, the parties to the Action are desirous of discontinuing this litigation without the need for trial and without admitting any wrongdoing by any party;

    NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel as follows:

    1. The parties hereby agree that the Action is dismissed and discontinued with prejudice, and without costs, other than attorney's fees as provided herein.

2. Defendants shall pay to plaintiff the sum of $9,500.00, (Nine Thousand Five Hundred Dollars), in full satisfaction of any and all claims for relief in this Action, and shall pay to plaintiff's attorney Joann Kahn, of Fulbright & Jaworski, LLP the sum of $26,000.00 (Twenty Six Thousand Dollars) in full satisfaction of any claims in this Action for attorneys fees, costs and disbursements. Payment shall be made in two checks. The first check, in the amount of $9,500.00, shall be made payable to plaintiff and delivered to the correctional facility in which plaintiff is incarcerated, for deposit in his inmate facility/departmental account. The second check, in the amount of $26,000.00, shall be drawn to the order of Fulbright & Jaworski, L.L.P. and mailed to plaintiff's attorney, Joann Kahn, Esq, Fulbright & Jaworski, LLP, 666 Fifth Avenue, New York, NY 10103. Nothing in this Stipulation and Order shall preclude plaintiff, on not less than 30 days' written notice to counsel to defendants, from making application to the Court to enforce the payment provisions of paragraph 2 hereof, in the event that the amounts referred to in said paragraph shall not have been paid within 180 days from the date that a copy of this Stipulation, as so-ordered by the Court, shall have been received by counsel to defendants.

3. In consideration of the payment of the sum recited in paragraph #2 above, the plaintiff, David Parkinson, hereby releases and discharges the defendants and any and all current or former employees or agents of New York State or the New York State Department of Correctional Services, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Correctional Services, from any and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, which arise from, relate to or concern the subject matter and/or allegations in this lawsuit, from the beginning of the world to

the date of this stipulation and order. This provision, however, shall not apply to or affect plaintiff's currently pending Article 78 proceeding, Court #502234, which plaintiff shall be allowed to pursue.

4. Nothing in this Stipulation of Settlement shall be construed as an admission or acknowledgment of liability whatsoever by any party herein or the New York State Department of Correctional Services regarding any of the allegations made by the plaintiff in his complaint, or by defendants in their answer to the complaint.

5. Payment of the amounts recited in paragraph #2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff and plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment. Except for the payment to be made to plaintiff's attorney in satisfaction of any claims for attorney's fees, costs and disbursements, the provisions of Chapter 62 of the Laws of 2001 may be applicable to payments by defendants hereunder.

6. Subject to the provisions of the foregoing paragraphs, in the event payments of the amounts recited in paragraph #2 above are not made within one hundred and twenty (120) days after the receipt by defendants' counsel from the Court of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty first day after receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement.

7. The two years of good time credit revoked from plaintiff as a result of the incident alleged in the complaint shall be restored to plaintiff.

8. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other judicial action or judicial proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

9. This Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
March 19, 2008

ANDREW M. CUOMO
Attorney General of the
State of New York
Attorney for Defendants
120 Broadway
New York, New York 10271-0332

By: _____
SABRINA JIGGETTS
Assistant Attorney General
Of Counsel
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-6082

Dated: New York, New York
Mar 19, 2008

By: _____
JOANN KAHN, Esq.
Fulbright & Jaworski, LLP
666 Fifth Avenue
New York, NY 10103
(212) 318-3076
Attorney for Plaintiff

Sworn to before me
this 13 day of March, 2008

By: _____
DAVID PARKINSON
DIN #94-A-3731
Plaintiff

_____Kyle Koop_____
Notary Public

IT IS SO ORDERED:

Dated: New York, New York
March 13, 2008

KYLE KASPER
NOTARY PUBLIC, STATE OF NEW YORK
COUNTY OF CLINTON
REGISTRATION #01KA6185447
My Commission Expires 11/13/2010

ENTER: _____
HONORABLE P. KEVIN CASTEL
United States District Judge

3-19-08

Page 5 of 5-